**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHARON D. STALEY,

        Plaintiff,

v.                                Case No:   6:24-cv-621-CEM-LHP

HEALTH FIRST, INC.,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT HEALTH FIRST, INC. (Doc. No. 8)
>
> **FILED:** May 31, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff seeks Clerk's default against Defendant Health First, Inc., stating that Defendant was served on April 19, 2024, but has failed to appear or otherwise defend.  Doc. Nos. 8, 8-1; *see* Fed. R. Civ. P. 55(a).  Upon review, however, the motion fails to comply with Local Rule 3.01(a) by failing to include a memorandum

of legal authority in support.[1]  Relatedly, the motion fails to adequately address, with citation to evidence and legal authority, that service of process on Defendant was proper, in particular that service on "Jennifer L. as Concierge Specialist for Health First, Inc." was sufficient under governing law.  *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

Accordingly, Plaintiff's motion (Doc. No. 8) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days** of this Order, which must include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.

**DONE** and **ORDERED** in Orlando, Florida on June 3, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] A lone citation to Federal Rule of Civil Procedure 12 does not suffice.