# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHARON D. STALEY,

      Plaintiff,

v.                                              Case No:   6:24-cv-621-CEM-LHP

HEALTH FIRST, INC.,

      Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RENEWED MOTION CLERK'S ENTRY OF DEFAULT AGAINST DEFENDANT HEALTH FIRST, INC. (Doc. No. 12)
>
> **FILED:** June 20, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On May 31, 2024, Plaintiff filed a motion for Clerk's default against Defendant Health First, Inc., stating that Defendant was served on April 19, 2024, by service on "Jennifer L. as Concierge Specialist for Health First, Inc."  Doc. Nos. 8, 8-1.  Upon

consideration, the Court denied that motion without prejudice for failure to comply with Local Rule 3.01(a) and for failure to demonstrate that service was proper under governing law. Doc. No. 9. The Court ordered Plaintiff to file a renewed motion to include a memorandum of legal authority establishing that service was proper. *Id.* at 2.

Now before the Court is Plaintiff's renewed motion. Doc. No. 12. Plaintiff maintains that service of process was proper under governing law because Plaintiff identified Nicholas Romanello, Esq., as Defendant's registered agent, Mr. Romanello is Assistant Secretary of Defendant's Foundation Board of Trustees, and "[i]t is unrealistic and impractical for a member of the Board of Trustees . . . to personally accept service of every Complaint that is filed against Defendant, accordingly a Concierge Specialist was assigned to accept legal papers for the Defendant." *Id.* at 3; *see also* Doc. No. 12-2. In support, Plaintiff submits a declaration from a process server, Christopher Scudder, who avers that he has "served multiple papers to multiple hospitals, and they sometimes assign a Concierge Specialist to accept papers for the legal department and or the records department," so "service to the Concierge Specialist in this case, was not a unique or remarkable event." Doc. No. 12-3. Mr. Scudder was not the process server who effected service in this case. *See* Doc. No. 12-2.

Upon review, Plaintiff's renewed motion will be denied. Again, Plaintiff fails to demonstrate, by citation to legal authority, that service of process on a concierge specialist was sufficient to properly effect service under governing law. *See* Doc. No. 12. Plaintiff points to Fla. Stat. § 607.0501, which merely sets forth the requirement that a corporation maintain a registered office and registered agent. Plaintiff also cites Fla. Stat. § 48.081, for the proposition that a corporation may be served with process on its registered agent. But neither of these authorities alone support Plaintiff's position that service on a concierge specialist was sufficient to effect service on Defendant.

Plaintiff also relies on *Latham v. Bonita Dental Care, P.A.*, No. 2:20-cv-316-FtM-66MRM, 2020 WL 10355013 (M.D. Fla. Sept. 1, 2020), in which the Court notably denied Clerk's default as to one defendant for which the plaintiff failed to demonstrate the defendant's non-compliance with the registered agent/office requirements of Fla. Stat. § 48.091. *Id.* at *2–3. And to the extent that Plaintiff relies on *Latham* for the proposition that service on a concierge specialist was proper in the *absence* of the registered agent, the return of service here does not state that the registered agent was absent, does not state that "Jennifer L." was the employee of the registered agent, and does not state that "Jennifer L." was a designated receiver for the registered agent. *Id.* at *3. *See* Doc. No. 12-2; *see also* Fla. Stat. §§ 48.081(2), 48.091(4).

Accordingly, absent legal authority supporting Plaintiff's position that service was proper,[1] the renewed motion (Doc. No. 12) will be **DENIED without prejudice**.  The Court will provide one final opportunity for Plaintiff to demonstrate that the April 19, 2024 service was proper.   A renewed motion, which shall be filed within **fourteen (14) days** of the date of this Order, must establish, with citation to applicable legal authority, that service of process on Defendant by serving "Jennifer L. as Concierge Specialist" was proper under governing law.[2]

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Assumptions by Plaintiff and a process server who did not effect service in this case are alone insufficient.

[2] Alternatively, the Court notes that the time period for service has not yet elapsed should Plaintiff instead wish to re-serve Defendant.  *See* Fed. R. Civ. P. 4(m).